Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00053-CV 

                                                    __________

 

                             IN
THE INTEREST OF J.T., A CHILD



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                               Trial
Court Cause No. CV 10-01-009

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
trial court entered an order terminating the parental rights of J.T.’s mother
and father. The father (appellant) has filed a notice of appeal from the termination
order.  J.T.’s mother, who voluntarily relinquished her rights, has not filed
an appeal.  We affirm.  

Issues

            Appellant
presents four issues for review.  In the first and second issues, appellant
asserts that the evidence is legally and factually insufficient to support the
finding that termination is in the best interest of J.T.  In his third and
fourth issues, appellant challenges the legal and factual sufficiency of the
evidence supporting the finding that he knowingly placed or knowingly allowed
J.T. to remain in conditions or surroundings that endangered J.T.’s physical or
emotional well-being.  

 

Legal
and Factual Sufficiency

            Termination
of parental rights must be supported by clear and convincing evidence.  Tex. Fam. Code Ann. § 161.001 (Vernon
Supp. 2010).  To determine on appeal if the evidence is legally sufficient in a
parental termination case, we review all of the evidence in the light most
favorable to the finding and determine whether a rational trier of fact could
have formed a firm belief or conviction that its finding was true.  In re
J.P.B., 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is
factually sufficient, we give due deference to the finding and determine
whether, on the entire record, a factfinder could reasonably form a firm belief
or conviction about the truth of the allegations against the parent.  In re
C.H., 89 S.W.3d 17, 25-26 (Tex. 2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A)-(T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the trial court found that appellant committed two of the acts
listed in Section 161.001(1).  The trial court found that appellant had
knowingly placed or knowingly allowed the child to remain in conditions or
surroundings that endangered the physical or emotional well-being of the child
and that appellant had engaged in conduct or knowingly placed the child with
persons who engaged in conduct that endangered the physical or emotional
well-being of the child.  See Section 161.001(1)(D), (E).  The trial
court also found that termination was in the child’s best interest.  See
Section 161.001(2).  

            Appellant
does not challenge the finding under Section 161.001(1)(E) that he engaged in
conduct or knowingly placed J.T. with persons who engaged in conduct that
endangered J.T.’s physical or emotional well-being.  The unchallenged finding
is sufficient to support termination as long as termination was shown to be in
J.T.’s best interest.  See Section 161.001.  Therefore, we must address
appellant’s first and second issues concerning J.T.’s best interest, but we
need not reach the merits of appellant’s third and fourth issues as they are
not dispositive of this appeal.  See Tex.
R. App. P. 47.1. 

The
question we must address is whether the best interest finding is supported by
legally and factually sufficient evidence.  With respect to the best interest
of a child, no unique set of factors need be proved.  In re C.J.O., 325
S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied).  But courts may use the
non-exhaustive Holley factors to shape their analysis.  Holley v. Adams,
544 S.W.2d 367, 371-72 (Tex. 1976).  These include, but are not limited to, (1)
the desires of the child, (2) the emotional and physical needs of the child now
and in the future, (3) the emotional and physical danger to the child now
and in the future, (4) the parental abilities of the individuals seeking
custody, (5) the programs available to assist these individuals to promote the
best interest of the child, (6) the plans for the child by these individuals or
by the agency seeking custody, (7) the stability of the home or proposed
placement, (8) the acts or omissions of the parent that may indicate that the
existing parent-child relationship is not a proper one, and (9) any excuse for
the acts or omissions of the parent.  Id.  Additionally, evidence that
proves one or more statutory grounds for termination may also constitute
evidence illustrating that termination is in the child’s best interest.  C.J.O.,
325 S.W.3d at 266.  

            J.T.
was born in 2006, and the Department of Family and Protective Services first
became involved with her in 2008.  In June 2008, appellant assaulted J.T.’s
mother, and a protective order was subsequently entered prohibiting appellant
from having any contact with J.T. or her mother for a period of two years.  Appellant
testified that, because of the protective order, he had not seen J.T. since
July 2008 when she was removed at the age of two and one-half years old.  J.T.
was placed in her aunt’s home.  Then, in 2010, shortly after J.T. had returned
to her mother’s care, the Department again removed J.T.  J.T. was returned to
the aunt.  

The
record shows that appellant had a history of drug abuse.  He had been convicted
of a possession offense and spent eighteen months in prison in 2001-2002.  Appellant
testified that he and J.T.’s mother used drugs, specifically methamphetamine, for
the first year they were together but that they quit using drugs about a year
before J.T. was born.  Appellant started using again in mid-2007.  Appellant
and J.T.’s mother were both using methamphetamine while J.T. lived with them.

Appellant
testified at trial that he quit using drugs in July 2008 and that he has been
to counseling, has taken parenting classes, and was in the process of
completing the requirements of the family service plan.  Appellant testified
that he has changed drastically since J.T. was removed from his care and that
he would like for J.T. to be placed with him.  Appellant expressed deep regret
and remorse over his actions that resulted in him being separated from J.T.  Appellant’s
pastor and counselor, Steve Pulaski, testified on appellant’s behalf, stating
that, prior to the protective order being issued, appellant was an attentive
parent.  Pulaski observed appellant with J.T. at church, the store, the park,
and other places around town and noticed that there appeared to be a bond or
affinity between appellant and J.T.

The
evidence shows that J.T. is happy and doing well in her aunt’s household, that
she thinks of her aunt and uncle as her parents, that their home is the only
home J.T. knows, and that J.T. does not even remember her father.  J.T.’s
counselor did not believe it would be in J.T.’s best interest to return to
appellant or even begin visits with him.  Despite appellant’s progress, both the
Department and the CASA volunteer recommended termination of appellant’s rights
and adoption by the aunt and her husband, which the Department determined to be
“a very appropriate placement.”  The Department employee assigned to this case
believed termination and adoption to be in J.T.’s best interest.  Based on the
evidence presented at trial, the trial court could reasonably have formed a
firm belief or conviction that termination of appellant’s parental rights would
be in J.T.’s best interest.  We cannot hold that this finding is not supported
by clear and convincing evidence.  Thus, the evidence is both legally and
factually sufficient to support the finding that termination of appellant’s
parental rights is in the best interest of J.T.  Appellant’s first and second issues
are overruled.  

            We
affirm the trial court’s order terminating the parental rights of J.T.’s father.
 

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

August 31, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.